IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | § | Case No. 07-41189-705 |
| | § | Chapter 7 |
| Ricky D. Hicks, | § | |
| | § | [Related to Docket #17] |
| Debtor. | § | [PUBLISHED] |

## ORDER GRANTING MOTION TO DISMISS

On May 2, 2007, the United States Trustee (the "UST") filed a Motion to Dismiss Pursuant to 11 U.S.C. § 707(b) (the "Motion") [Docket #17] in the above-referenced bankruptcy case (the "Case"). On May 18, 2007, the chapter 7 trustee (the "Trustee") filed a Response to the Motion [Docket #31], in which the Trustee made no substantive argument in support of the Motion but requested that the Motion be granted only upon payment of the Trustee's approved fees and expenses. The Debtor filed no response to the Motion. The matter came before the Court for hearing on May 23, 2007, with counsel for the UST and the Debtor appearing. After consideration of all relevant facts, arguments, and law, the Court **FINDS** facts as set forth below, **HOLDS** in favor of the UST, and **ORDERS** relief pursuant to 11 U.S.C. § 707(b)(1) as follows.

## FACTS

The facts are undisputed and the exhibits were stipulated by the parties. On February 28, 2007, the Debtor, an individual whose debts are primarily consumer debts, filed for chapter 7 relief under title 11 of the United States Code (the "Bankruptcy Code"),[1] thereby commencing this Case. The UST now seeks dismissal of the Case under §

---

[1] All references herein to "section[s]" or "§[§]" refer to the cited section(s) or subsection(s) of the Bankruptcy Code.

707(b)(2), arguing that the Debtor erred in completing his amended Official Form B22A ("Form B22A") [Docket #15], and that if Form B22A had been properly completed, it would have shown that the Debtor has sufficient disposable income to raise the "initial presumption" under § 707(b)(2) that granting relief constitutes abuse of the chapter, warranting case dismissal.[2] Specifically, the UST asserts that the Debtor improperly included at Line 35 of Form B22A a $650-a-month expense for care and support of the Debtor's son, a healthy, able-bodied twenty-one year-old full-time college student with a part-time job, who the Debtor is under no legal obligation to support[3] and who is not a dependent of the Debtor for federal income tax purposes. The Debtor maintains that inclusion of this expense is proper and that no presumption of abuse arises. Accordingly, the only issue is whether the Debtor properly may include the expense at Line 35.

**LAW**

Bankruptcy Code § 707(b) provides that the court "may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . . if it finds that the granting of relief would be an abuse of the provisions of this chapter." 11 U.S.C.

---

[2] In the Motion, the UST also argues that the Debtor made errors at Line 23b and Line 32 by overstating the proper amount of expenses for these items. The Debtor did not address these additional purported errors at the hearing. However, even if the UST's complaints of overstatement are correct, adjusting the expense amounts would have no substantive effect on the disposition of this matter, given the Court's holding regarding the Debtor's entry at Line 35. Therefore, the Court does not reach disposition on the complaints regarding the Line 23b and Line 32 entries.

[3] The Court notes that had such a support obligation existed in the form of a child support order, such expenses would be entered at Line 28 of Form B22A.

§ 707(b)(1). Abuse is presumed if the debtor's monthly disposable income ("MDI")[4] multiplied by a factor of sixty (the debtor's 60-Month Disposable Income, the "60-MDI") "is not less than the lesser of–(I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $6,000, whichever is greater; or (II) $10,000." 11 U.S.C. § 707(b)(2)(A)(i).

This test for abuse is the so-called "means test," as it sets forth the maximum amount of disposable financial means a debtor may have before the law presumes that the debtor is committing abuse by proceeding in a chapter 7 liquidation rather than in a case resulting in the debtor's reorganization under chapter 11 or rehabilitation under chapter 13. If a debtor "fails" the means test and cannot rebut the presumption of abuse, the case may be dismissed unless the debtor consents to conversion to chapter 11 or 13. To facilitate the application of the means test, a debtor must file an Official Form B22A, on which the 60-MDI is calculated.[5]

> In calculating the 60-MDI, the debtor may deduct from his CMI expenses for
>
> the continuation of actual expenses paid by the debtor that are reasonable and necessary for care and support of an elderly, chronically ill, or disabled household member or member of the debtor's immediate family (including parent, grandparents, siblings, children, and grandchildren of the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case who

---

[4] The MDI is the debtor's current monthly income ("CMI") less allowable deductions from that amount.

[5] In Parts II and IV of Official Form B22A (Lines 2-12, 16-18), the debtor calculates his CMI and enters it at Line 18. In Subpart A of Part V (Lines 19-33), the debtor calculates certain deductions for costs of living allowed under the standards of the Internal Revenue Service and enters this total at Line 33. In Subpart B of Part V (Lines 34-41), the debtor calculates allowable "Additional Expense Deductions under § 707(b)" and lists this total at Line 41. At Line 47, the debtor enters the total of all allowed deductions, then subtracts that total from the CMI to calculate the MDI (entered at Line 50) and 60-MDI (entered at Line 51). Based on these calculations, the debtor then indicates at Line 52 whether the presumption of abuses arises.

is not a dependent) and who is unable to pay for such reasonable and necessary expenses.

11 U.S.C. § 707(b)(2)(A)(ii)(II).[6]  Such expenses are taken on Official Form B22A at Line 35 (as an "Additional Expense Deduction under § 707(b)").  The language of Line 35 closely tracks that of § 707(b)(2)(A)(ii)(II) in directing the debtor to  "[e]nter the actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay such expenses."

## ANALYSIS

The UST does not challenge the Debtor's claim that the $650-a-month expense listed at Line 35 is a continuation of previously provided actual support to the Debtor's son. Rather, the UST argues that such support simply is not the type of support allowable as an expense at Line 35 because Line 35 (and the effecting statute, § 707(b)(2)(A)(ii)(II)) requires that such an expense be incurred for care and support of an elderly, ill, or disabled household or family member.  At the hearing, the Debtor argued for an alternate reading

---

[6]Section 707(b)(2)(A)(ii)(II) appears to contain a syntactical error.  There is a superfluous coordinating conjunction ("and") between the present participial phrase in parentheses "(including parent, grandparents, siblings, children, and grandchildren of the debtor, and the spouse of the debtor in a joint case who is not a dependent)" and the clause "who is unable to pay for such reasonable and necessary expenses".  The inclusion of the word "and" prevents the clause from modifying either "household member" or "member of the debtor's immediate family" and leaves the clause without an object to define (that is, there is no "who" to whom the pronoun can refer).  In short, with the "and" included, there is no intelligible reading of the remaining portion of the statute. Accordingly, the Court treats the inclusion of the referred-to "and" as an inadvertent drafting error and interprets the statute without such "and."  The Court interprets § 707(b)(2)(A)(ii)(II) to refer to expenses that are reasonable and necessary for care and support of *a household member or member of the debtor's immediate family who is unable to pay for such reasonable and necessary expenses*.

of the operative language, asserting that Line 35 allows the inclusion of expenses for care and support of an elderly, ill, or disabled member of the debtor's household *or* for care and support of a member of the debtor's immediate family who is unable to pay for such expenses. Applying this reading of the language, the Debtor argues that he is not required to establish that his son is elderly, ill, or disabled, but only that his son is an immediate family member unable to pay for his own care and support.  This issue is one of first impression.

The Debtor's reading of Line 35 (and, by extension, the nearly identical language of § 707(b)(2)(A)(ii)(II)) is unmeritorious.  First, both Line 35 and § 707(b)(2)(A)(ii)(II) are unambiguous: there is only one indefinite article ("an") preceding the compound adjective phrase in the prepositional phase "of an elderly, chronically ill, or disabled member of your household [household member] or member of your [the debtor's] immediate family").  Had it been intended for "elderly, chronically ill, or disabled" to define only "member of your household [household member]", and for "member of your [the debtor's] immediate family" to be independent from that preceding adjective phrase, there would be a second indefinite article ("a") preceding "member of your [the debtor's] immediate family."  Moreover, by this same use of one, not two, indefinite articles, the adjective clause "who is unable to pay for such reasonable and necessary expenses" refers to both "member of your household [household member]" and "member of your [the debtor's] immediate family," not only to the latter.  Again, had the intent been otherwise, Congress could have employed an additional "a" to convey precisely such limitation: " . . . an elderly, chronically ill, or disabled household member or *a* member of the debtor's immediate family . . . who is unable to pay for such

reasonable and necessary expenses." Without this additional indefinite article, the plain reading of the statute directs this Court to interpret the clause "who is unable to pay for such reasonable and necessary expenses" as modifying both "member of your household [household member]" and "member of your [the debtor's] immediate family." As such, the Debtor's interpretation of the statute is unsustainable.

Second, even if this language in Line 35 and the statute were ambiguous, the Debtor's interpretation is unpersuasive because it flies in the face of the purpose of the statute and does a disservice to the goals of bankruptcy law. Allowing the expenses specified in § 707(b)(2)(A)(ii)(II) to be deducted from a debtor's CMI reflects a public policy priority in the law. If a debtor is willing to financially support those in a close relationship to him who are elderly, ill, or disabled and cannot support themselves, such debtor will not be imputed with disposable income that actually is spent on providing such support. However, the Debtor's interpretation of the Line 35 and § 707(b)(2)(A)(ii)(II) would allow a debtor to include expenses for an elderly, ill, or disabled "member of the household," regardless of whether that member is able to pay for such expenses. Such an interpretation would allow a debtor to financially support, on the backs of his creditors, a member of the household who is fully capable of self-support. Additionally, this interpretation reads a condescending presumption into the statute: not every individual who is elderly, chronically ill, or disabled needs protection from destitution, and no public policy would be served by allowing a debtor to "support" a member of the household who is otherwise capable of self-support, simply because that person happens to be elderly or infirmed.

The Court therefore **HOLDS** that the elements of § 707(b)(2)(A)(ii)(II) are as follows:

      (1)    the expenses must be a continuation of actual expenses paid by the debtor; and

      (2)    the expenses must be reasonable and necessary for care and support of an elderly, chronically ill, or disabled:
            (a)    household member who is unable to pay for such expenses; or
            (b)    member of the debtor's immediate family (as defined by the statute) who is unable to pay for such expenses.

Accordingly, because the Court **FINDS** that the Debtor's son is not elderly, chronically ill, or disabled, the Court **HOLDS** that expenses incurred by the Debtor for care and support of his son are not includable as an expense at Line 35. The Court **FINDS** that without the inclusion of such expenses at Line 35, the Debtor fails the means test and the presumption of abuse arises. In addition, the Court **FINDS** that this presumption was not rebutted, as the Debtor, who argued only that the presumption did not arise, offered no evidence to rebut the presumption. The Court therefore **HOLDS** that dismissal of the Case is proper unless the Debtor consents to conversion of the Case to another chapter.[7,8]

---

[7] In the alternative, even if the Debtor's position was correct, the Court nonetheless would find that the inclusion of the expenses at Line 35 was improper. Under the Debtor's interpretation, the expenses still must be for "reasonable and necessary care and support." However, financially enabling the Debtor's son to attend college full-time exceeds the provision of "necessary care and support." For an adult to be able to attend college as a full-time student is a luxury, not a necessity, and the costs associated with such attendance do not constitute expenses incurred for the provision of a person's *necessary* care and support. Moreover, the only provision of § 707(b)(2) that addresses the allowance for education expenses limits such expenses to those made for a "dependent child less than 18 years of age, not to exceed $1,500 per year per child, to attend a private or public elementary or secondary school . . ." 11 U.S.C. § 707(b)(2)(A)(IV) (taken on Official Form B22A at Line 38). The Debtor may not end-run this statutory limitation on allowable education expenses by including at Line 35 over $8000 in annual expenses to facilitate the education of an adult, nondependent child.

[8] The UST also argues in the alternative for dismissal under § 707(b)(3)(B), which provides that where the presumption of abuse does not arise or such presumption has been rebutted, the court nonetheless may dismiss a chapter 7 case for abuse if it finds that the debtor filed the petition in bad faith or that the totality of the circumstances of the debtor's financial situation demonstrates abuse. In this Case, the UST makes no

**CONCLUSION**

For the findings made and reasons stated, the Court **GRANTS** the Motion as set forth in this Order and **ORDERS** that the Case be **DISMISSED** unless the Debtor seeks conversion of the Case to another chapter before the Order becomes effective. Further, the Court **ORDERS** that the effectiveness of this Order be stayed for thirty days from entry of the Order on the docket, to allow the Trustee an opportunity to file any professional fee applications.

DATED: June 1, 2007

St. Louis, Missouri

Charles E. Rendlen, III
United States Bankruptcy Judge

---

allegation of bad faith, but argues that the totality of the circumstances demonstrates abuse. Specifically, the UST asserts that, even if the $650-a-month expense had been properly included on Line 35 (and thus, the presumption of abuse did not arise), the totality of the Debtor's financial circumstances on a forward-looking basis supports a finding of abuse. In fact, the Debtor concedes that the $650-a-month expense would be incurred only through approximately the next seven months. After this period, the son will graduate and no further support will be provided. When applying the totality of the circumstances test, "courts may consider both current and future income and expenses, including a debtor's ability to repay his debts under chapter 13." *Stapleton v. Mundy (In re Mundy)*, 2007 WL 620971, at *5 (Bankr. M.D. Pa. March 1, 2007). Assuming without deciding that such support would be an allowable expense in the first seven months of a chapter 13 case, the Court notes that the Debtor's expenses would be reduced by $650 a month for the last fifty-three of the sixty months in which the Debtor would be in a chapter 13. This would result in considerable additional funds available for distribution to unsecured creditors through a chapter 13 case. Given this, the Court would **FIND** that the totality of the circumstances supports a finding of abuse and would **HOLD** that dismissal of the Case is proper under § 707(b)(3)(B).

Copies to:

Leonora S. Long
Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

James R. Brown
Castle Law Office of St. Louis
Attorneys for Debtor
500 N. Broadway, Suite 1400
St. Louis, MO 63102

Ricky D. Hicks
Debtor
1233 Guelbreth Ln. #209
St. Louis, MO 63146

E. Rebecca Case
Trustee
7733 Forsyth Blvd., Suite 500
Saint Louis, MO 63105

Howard S. Smotkin
Janice Valdez
Stone, Leyton & Gershman
Attorneys for Trustee
A Professional Corporation
7733 Forsyth Boulevard, Suite 500
St. Louis, MO 63105